

FILED
John E. Triplett, Acting Clerk
United States District Court

*By MGarcia at 11:28 am, Jul 07, 2020*

# United States District Court
# for the Southern District of Georgia
# Waycross Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CR 518-016 |
| | ) | |
| SHAMPOIRE ORANGE, | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER

Before the Court is Defendant Shampoire Orange's motion for credit to his sentence for custodial jail time. Dkt. No. 23. For the reasons below, Orange's motion is **DENIED**.

### BACKGROUND[1]

On January 23, 2017, Orange was released on parole supervision for convictions in Ware County Superior Court, docket numbers 14R251 and 15R052, the latter which included a six-year probation term. On May 25, 2017, Orange was arrested on state charges related to his federal offense of conviction (Ware County Superior Court, docket number 17R209). On September 19, 2017, the state revoked Orange's parole (docket numbers 14R251 and 15R052) and sentenced Orange to imprisonment for the remainder of the parole term, which expired on November 12, 2018. Thereupon, Orange began serving his six-year term of

---

[1] Because the pertinent background is complex, a chart with important dates and events is included <u>infra</u>.

state probation (docket number 15R052) while in custody. At the time, Orange was still facing state charges (docket number 17R209) and federal charges.

On January 22, 2019, Orange pleaded guilty in federal court to two counts of unlawful use of a communication facility, in violation of 21 U.S.C. §§ 843(b), (d)(1), 846 and 18 U.S.C. § 2. On March 21, 2019, this Court sentenced Orange to ninety-six months' imprisonment to "run concurrently with any term of state imprisonment imposed for the related conduct in Ware County (Georgia) Superior Court, Docket Number 17R209, but consecutively to any term of imprisonment imposed upon revocation of the sentence in Ware County (Georgia Superior Court), Docket Number 15R052." Dkt. No. 17. Thereafter, on August 9, 2019, the state nol-prossed Orange's related state charges (docket number 17R209) and recalled the probation violation warrant (docket number 15R052).

Now before the Court is Orange's motion for credit to his federal sentence for the custodial jail time he served from May 25, 2017 (his arrest on related state charges) until November 11, 2018 (when his parole expired).

| January 23, 2017 | Orange is released on parole supervision for previous state convictions (Ware County Case Nos. 14R251 and 15R052, the latter which included a six-year term of probation) |
|---|---|
|  |  |

| | |
|---|---|
| May 25, 2017 | Orange is arrested on new state charges related to instant federal offense (Ware County case no. 17R209) |
| September 19, 2017 | State revokes Orange's parole for previous cases (14R251 and 15R052); Orange is sentenced to imprisonment for remainder of parole term |
| November 12, 2018 | Parole term expires (Orange had served 536 days imprisonment); Orange remains in custody |
| January 22, 2019 | Orange pleads guilty to federal charges |
| March 21, 2019 | This Court sentences Orange to ninety-six months' imprisonment to "run concurrently with any term of state imprisonment imposed for the related conduct in Ware County (Georgia) Superior Court, Docket Number 17R209, but consecutively to any term of imprisonment imposed upon revocation of the sentence in Ware County (Georgia Superior Court), Docket Number 15R052." |
| August 8-9, 2019 | State (Ware County) nol-prosses the related case (17R209) and recalls probation revocation warrant (15R052) |
| May 18, 2020 | Orange files motion for credit of time from May 25, 2017 through March 21, 2019 |

**LEGAL AUTHORITY**

Pursuant to 18 U.S.C. § 3585(b), a defendant shall receive credit toward a custodial term for any time spent in official detention prior to the date the sentence commenced "that has not been credited against another sentence."

3

**DISCUSSION**

In his motion, Orange asserts that he has not received credit for time served in custody from May 25, 2017 (arrest) until November 11, 2018 (parole expiration). Dkt. No. 23. Orange notes that while this Court ordered at sentencing that his federal imprisonment term should be served "consecutively to any term of imprisonment imposed upon revocation of the sentence in Ware County (Georgia Superior Court), Docket Number 15R052," his "probation revocation was dropped," and he has "no sentence that now [runs] consecutive to [his] federal sentence."

Orange is correct that his state *probation* (docket number 15R052) was not revoked. Indeed, the revocation warrant was recalled after the related state charges (docket number 17R209) were nol-prossed. However, his state *parole* was revoked, and he was sentenced to imprisonment for the *parole* violation from May 25, 2017 until November 12, 2018 when his parole expired. Thus, that imprisonment time has been credited toward Orange's parole violation sentence and cannot, therefore, be credited against his federal sentence. See 18 U.S.C. § 3585(b).

The time between November 13, 2018 (day after parole expiration) and August 8, 2019 (warrant recall)—268 days—would have been credited to Orange's probation revocation imprisonment term—which the Court ordered run consecutive to Orange's federal term—but for the recalled warrant. The Bureau of Prisons

4

("BOP") correctly credited that custodial time toward Orange's federal imprisonment term, because that custodial time would otherwise not have been credited toward another sentence due to recalled warrant. Indeed, the BOP's SENTRY system shows that Orange's federal sentence is credited with 268 days of jail time (November 13, 2018 to August 8, 2019).

## CONCLUSION

There is no indication that the BOP has failed to credit Orange with any period of custody. As such, his motion, dkt. no. 23, is **DENIED**.

**SO ORDERED**, this 7 day of July, 2020.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA